May it please the Court, Alisa Klein for the United States. I'd like to very briefly put into the big picture context the main statistic that is in the Kansas brief, and this is the one we've discussed on page six, five to six, which is that there were, as of January 2018, 26 million Series E savings bonds that had matured but not yet been redeemed. So the chart that they cite in footnote six, the same chart, makes clear this is a massive program and we're talking about less than 1% of all Series E bonds. The United States honors its debts. The vast, vast majority of matured bonds have already been redeemed. Let's talk about the law here. Yes, Your Honor. So in terms, your brief discusses conflict preemption at some length, but aren't we really talking about solely the meaning of the Treasury regulations, which seem on their face to bar any transfer or payment to anyone except the original owner, except specifically provided in the regulations? So aren't we really confronted solely with the question of what these regulations mean, whether they allow for recovery through S-sheet or they don't allow? Yes and no. Yes, the decision, the controlling legal issue turns on the meaning of Treasury's own regulations. These are the prior regulations. But in understanding what this particular regulation means, it is crucial to understand the background principle set out in the Third Circuit decision, which is that under the general Treasury regulations, a bond owner has the right to surrender her paper bond for payment at any time. So the question- I mean, it's useful you're suggesting to understand the language here in the light of the purpose of it. Is that the point? In light of the purpose, but also in light of the specific Treasury regulations in subpart H that give the- and now we're talking about this, you know, under 1% of people who wait and don't redeem their bonds at or near maturity. But time passes, and as the chart that plaintiffs sent in last week illustrates, millions and millions of people redeem bonds by taking the paper bond, turning it into their local bank, and getting paid by the federal government well after they mature. And they have the right to do that under the payment regulations. And what we're saying is, knowing that, it is not plausible to read this other regulation to give state governments essentially carte blanche to take away their right to cash their bonds. Okay, so let me- both sides barely mention our deference, and of course we know there's a case in the Supreme Court called the Pizer case, which involves the question of whether our deference is going to survive. What role should our deference play in the interpretation of this regulation? Obviously our deference doesn't apply if the regulation is clear on its face, but if it's Don't we then get in a situation where we have to decide whether there's our deference to an interpretation which the government has previously given to this regulation, and putting us in a position of having to figure out what the government meant by its earlier statements? Well, the short answer is that the regulations clearly foreclose the plaintiff's attempt to redeem bonds that they do not have in their possession, and can't even identify the owners. So this is under the explicit terms of the redemption regulations. What happens if we say, well, we're not so sure? It looks to us as though maybe the regulation is ambiguous. What do we do then? The Treasury's interpretation, as Judge Cooper set out, based on an exhaustive look at the historical record, has been consistent over time. Treasury has never allowed a state to come in and redeem a bond that didn't come into the state's possession. Understand that the possession is not a technicality. Well, again... Yeah, but wait. That's inconsistent with your interpretation. You say we pay bonds where the state has possession as a matter of grace, as a matter of discretion. If the Treasury agrees that these regulations give the state, as a matter of right, the ability to redeem bonds in their possession, that's inconsistent with your construction of these regulations. The principal issue... There's a subsidiary question... No, no, no, no. Address that. Is that not correct? There are different... Yes, no? No. The regulations have never allowed states to give them a right to redeem bonds that are in their possession. What Treasury has, in limited, very limited circumstances, is said, when you've come forward with evidence that these bonds are actually abandoned, meaning, to start, you have them, and you've gotten them under circumstances that show that they were, in fact, abandoned. In those contexts, even assuming this valid judicial regulation applies at all, that will be treated as a valid judicial proceeding. Treasury has... All of what you're saying is contingent on a certain understanding of what a valid judicial proceeding is under the regulation 315.20B, right? The other side believes that that encompasses as cheap proceedings, and then your side believes it doesn't. So we first have to figure that out. If it does, then what we have is Federal law that contemplates and permits what the No, Your Honor. The question, as Judge Cooper recognized, is not whether this regulation recognizes as cheap proceedings, but which as cheap proceedings. The only actual... Well, that's... When we dig down further, yes, that's the next question. But the first question is, does it contemplate as cheap proceedings? And then maybe the next question is, does it encompass all as cheap proceedings? I'm happy to address them in this order, but Judge Cooper was correct in that the sequence doesn't... Do you mean Judge Kaplan? Sorry? No, I mean Judge Cooper in the district court case in which he looked at exactly the same historical record and arguments and rejected the claims. Of course it's not binding, but neither... Judge Kaplan certified the order based in part on the conflict with Judge Cooper's analysis. So are you making a distinction between what you think are valid as cheap proceedings when they have actual physical possession of the bond and have gone through whatever due process rights they need to go through to give the bondholders notice that they consider this abandoned property and the cases like this where they not only have no possession, have no idea whether there are even bonds in existence that come within their jurisdiction? Yes, there are a series of reasons that this regulation, the valid judicial proceedings, doesn't apply. Again, start from the beginning of the sentence, the regulation. Treasury will recognize a claim against an owner of a savings bond. So I will let you finish, but I wanted to ask you that to set up a hypothetical, which is suppose somebody puts a list of all their bonds, serial numbers in their safety deposit box, but keeps the bonds with them somewhere else, and at some point that safety deposit box gets turned over to the state as abandoned property, and the state now has in its possession a list of bonds. Can it go to Treasury under the regulations that permit a bondholder to ask for lost bonds if they have the serial numbers? No, Your Honor, because there needs to be evidence that the bond was in fact lost after receipt by the owner. So that's the crucial substantive provision. Right, and so for the ones that are in their possession, you have prima facie evidence that it's been lost because the state now holds it and presumably have tried to notify the bondholders and haven't done it. But what if they went through the same proceedings with the list of serial numbers? If they published in the newspaper and said, we found this lost property in a savings a box, and here are the numbers. If you don't claim it within a certain amount of time, we'll consider this lost property and it will become ours. No, no, because again, that's not... What's the difference between that proceeding and for a proceeding that's in their possession? Because the bond, it's a piece of paper that can only be in one place at a time. If there's just a list of serial numbers in a safe deposit box, that's not evidence that the bond owner doesn't have her bonds. I sent the image in not as evidence, but just to make the point concrete, which is that this is issued to Janice. If Janice has her bond, it's in her name, and she goes to a bank, she can redeem it and it's paid by the United States. And nothing in Treasury's regulations allows Kansas or any other state to take that right away from her. So having a list and, you know, it's just like if they broke into her home and said, I got her bond, now I want to redeem it. Treasury's not going to allow that either. Well, that seems to me to be a bit of a problem for your alternative argument, which I understand to be that even if the state can escheat the bonds, it steps into the shoes of the bond holder and has no greater rights than the bond holder. But here, in response to Judge Hughes' hypothetical, you're basically saying that the state would have a lesser right than the bond holder because it can't claim based on the serial numbers alone. A bond holder could claim if it had the serial numbers, right? No, Your Honor, not the serial numbers alone. The serial numbers plus an affidavit with specific evidence that shows that the bond was lost. If the state comes in with the serial numbers alone, which of course they can't do because they know nothing about the bonds, there is zero reason to think that, you know, Janice and the millions and millions of people like her don't have their bonds and the right to redeem them or indeed may well have redeemed them already. And they can't declare it lost through an escheat proceeding. That is the point that, and I understand that the posture of this case is different from the Third Circuit case, but the central proposition, which is that a state cannot just pass a law that says, I deem U.S. savings bonds abandoned, whether it's one year after maturity, three years after maturity, or the way Louisiana and South Dakota said, you know, decades before maturity. There is a want of authority. These federal bonds are pledged on the credit of the United States, and the federal regulations promise the real contracting parties, the registered bond owners, you can cash them at any time. And the state can't take that right away from them, and they can't say, you have to go to Kansas instead. Okay. I want to talk a little bit about your alternative argument here, about stepping into the shoes of the bondholder. As I understand it, this case involves bonds that matured in 1972 and earlier. No? That were issued in 1972 and earlier. Right. Matured at least 30 years. Yeah. So, what, if a bondholder, an individual bondholder, has lost the bonds, but doesn't have the serial number, after six years after maturity, if I understand correctly, the bondholder's out of luck, right? Correct. Okay. And it used to be that for bonds that were issued later, I guess in 74 or whatever, there was something called Treasury Hunt, there was a website where you could search for your missing bonds by serial number, that's correct? I believe it was, I'm not sure of the year, and I believe there were, at least for some bonds, the social security number was included in the registration information. Well, and that's referenced in footnote six of the Third Circuit opinion, okay, in the text there. But that website no longer exists? What's happened here? Why is it not possible to search for these, wait. Not possible to search for these bonds on this Treasury Hunt website that used to exist? Again, this provision, this website wouldn't have applied to the older bonds, but even for, I don't actually know the reason why it doesn't currently exist, but I'm fairly sure there was a requirement to enter a social security number, and that may have had privacy implications. So, I don't know, but again, this is not an argument for extinguishing the rights of people who have their bonds to cash them, which is the issue in this case. That's what, I know the statistics may seem dry, but they're very important. The chart that the plaintiffs sent in last week leaves no doubt that a million people each year are actually cashing the bonds that the laws of the plaintiffs and their amici would deem abandoned. Yeah, but there's a whole group of people who have lost bonds who don't have the serial numbers and who are out of luck, right? To the extent there are such people, and Treasury doesn't... You know that there are a lot of people like that, right? If people came to Treasury and said, I think I own bonds, I don't know anything about them except that they were sold in Kansas before 1978 is actually the Arkansas date, 72 is the Kansas date, Treasury would not be able to help them. The records are indexed by serial number. There are 3.8 billion bond records. They're on microfilm. They're not searchable by state. So it's not clear, you know, it's not surprising that the regulation... Not searchable by social security number? Only for certain categories of bonds. And in any event, the plaintiffs don't have the social security number, and more important, they have no evidence that these bonds were lost. The lost bond regulations are a protection for the original owner. So if Janice came... Which bonds in the category we're talking about that is issued before 1972 are searchable by social security number? I don't believe the older ones are. I think, again, this has not been briefed, and I don't recall if it's 1978, but I don't believe the older ones are searchable, but were. And again, this was with the website, and that was definitely more recent bonds than the ones at issue here. But I just want to make sure the fundamental point is not missed, which is that Treasury is being asked to violate its contracts with its bond owners. They pay... Janice paid $375 in 1971 for her Series E bond, which she cashed in 2017 for $2,533. You're not being violated in contracts with the bondholders if the regulation were interpreted to permit eschewed proceedings. Yes, and there's no reasonable... Not eschewed generally, if the regulation were read to allow states carte blanche authority to extinguish the rights of unknown owners. Wait, wait, wait. What do you mean carte blanche authority? If we interpret the regulation as permitting states to eschewed bonds and to claim them, then there's no problem, right? No, no, that's not right. Traditional eschewed... This has nothing to do with real traditional eschewed, which means the bonds are in fact abandoned. There's abandoned property. It came into a state's possession. The state has done... Tried to identify a known owner, unsuccessfully, can't find any heirs. Under those circumstances, that's the only context in which Treasury has ever allowed a state to redeem an abandoned bond. Right, but to follow up on Judge Dyke's question, if we interpret the regulation to permit any state sanctions as eschewed proceedings, even include the one that you're objecting to, then there is no preemption question there. And in fact, the federal law now permits this sort of thing. The flag that that is not a reasonable interpretation of the regulation, there is still the independent problem, this is important, that they cannot get money from the federal Treasury without satisfying the subpart H redemption requirements. This is the principle recognized in Dover's... Put to one side your alternative argument that they step into the shoes of the bond holder has no rights after six years after maturity to get the bond without the serial number. Let's put that aside. Okay? It is true, is it not, that if we construe this regulation as permitting states to eschew this property and to claim the bonds, then there is no preemption problem. If their interpretation of a regulation is correct, there's not a preemption problem, I'm resisting the kind of general use of the term eschewed, because this is nothing like a real eschewed as traditionally recognized. No, we understand. Your view is there's a traditional, conventional form of eschewed, and then there's this manufactured newfangled form of eschewed, and that's the part you have an objection to. Yes, but I want to take it even further. On their logic, and the logic of Judge Kaplan in this case, Kansas could pass a law that says all bonds sold to people who lived in Kansas are mine. And that would be it. As long as they got a state court to say yes, they're yours, that's how they read this regulation. It has nothing to do with the number of years they put on as an abandonment period. They're saying valid means in state law, and now embodied in a state court judgment. And I'm just making the point, this is an absurd reading of a regulation that is the Supreme Court in Freeborn- No, but wait, wait, wait, wait. I think you're sort of overstating it. Let's assume that their position is that the bonds that have matured and haven't been claimed, let's say within six years, haven't been redeemed within six years, that those bonds eschewed. And we can have an eschewed proceeding that vests the title of those bonds in the state. And if the regulation is read to permit that, then there's no preemption problem, right? I mean, I understand you don't want to read the regulation that way, and you say we shouldn't read the regulation that way, but that's the consequence, right? I'm explaining why the logic of their reading- No, no, no, no, answer my question. The regulation cannot be read that way, consistent with- I understand, but if we do read it that way- The court would have to disregard the purpose of the program as- If the regulation covers any valid state order, and this is a valid state order, it's not preempted. Your view is that these aren't valid state orders within the meaning of that term because they conflict with the rights of the bondholders. Yes. But how can they conflict with the rights of the bondholders if the regulation allows it? The regulation does not allow a state to take away the right- Of course that's your position, but I'm saying hypothetically we reject that. We lose, right, on this issue. This is where I- No, I want to go back to what Chief Justice Earl Warren said for the unanimous Supreme Court in Free v. Bland, because we cannot suspend just a common sense understanding of this program, which is that the success- I think, unless my colleagues have questions, we're out of time. We'll give you two minutes for rebuttal. Mr. Frederick? Thank you, Your Honors. I'd like to look at the text of the regulation. It's on addendum page 17. Just as a predicate to that, do you agree that basically the question is here, how do we interpret this regulation? If we interpret the regulation the government's way, you lose. If we interpret it your way, you win. And we don't have to look to conflict preemption. We're just basically dealing with an interpretive question about the regulation. That's correct. It's an interpretive question of the regulation, and that's why, if we could just look at the text, it's at addendum page 17 to the LaTurner brief. Most of the questions that you asked are answered by the text of the regulation. And so, Judge Hughes, your question about the list in the safety deposit box, if there were a divorce proceeding and the bonds were listed with the title in the husband's name and the divorce court and state court said, actually, this property will belong to the wife, B says that is a valid judicial proceeding and those bonds would be transferred their ownership to the wife and Treasury will recognize that. That's what the valid judicial proceeding part of the general rule of B means. Now Treasury doesn't actually want to talk about the plain language of the regulations, but it contains the only two specific references where Treasury will not recognize a valid judicial proceeding. That's in A. That's when there's a proposed inter vivos transfer or there's one that would interfere with a co-owner's beneficial rights. So to take your example again, Judge Hughes, if there was a list in the safety deposit box and it was a World War II veteran who had listed these in the name of himself and his son and there was a divorce proceeding, that would be covered by A. So that the state court that sought to transfer the ownership interest to the wife would not be permitted to do that because that would be an attempt to interfere with a co-owner's beneficial rights. We don't have either of those hypothetical situations here. What we have is a situation under B where a general validity of a state judicial proceeding under state law applies and Treasury has disavowed an interest in knowing who the owner of the bond is. They've done that throughout 315.20 A, B, and C. And so the only question now is, is there room for state law to apply? There clearly is because the regulations set that out. And then the question is, do the regulations provide for determining what a valid judicial proceeding is? And that's what B says. The pointer there is to look at 315.23 and the way you prove the validity of a state judicial proceeding is you provide a certified copy of it if it is a general proceeding. There's another way to read B though. B says that maybe it's just the valid judicial proceedings that are specifically provided for in this subpart. And then you go to 315.21 and 2.2 and you see the different types of judicial proceedings enumerated there and perhaps those are the ones that are how we should understand what valid judicial proceedings are in 315.20. The problem with that interpretation, Judge Chen, was identified by Judge Kaplan in the because the A provisions, the inter vivos transfer and the interference with the co-owner's beneficial rights are not referenced elsewhere in the specific provisions. And so the way she read the general rule of B is, yes, we're going to have more specific evidentiary rules for the divorce context or for a judgment creditor context, but in the general context, we're going to allow the validity of the judicial proceedings to apply. So if you were to take other kinds of state law proceedings, suppose it wasn't just a divorce but suppose it was just a property settlement. Those are common in a case of a separation. Those would be covered under the valid judicial proceedings. They're not specifically covered by divorce. Suppose the person died intestate and the question was what errors might apply. Classic state law question, valid judicial proceedings would make that determination and it would be done on the basis of what a certified state court judgment would be. But it seems to me that there's another provision of the regulations which you have to deal with and that's 315.15, which says savings bonds are not transferable and are payable only to the owners named in the bonds except as specifically provided in these regulations. So that provision seems to say, okay, you've got to find a specific provision in the regulations that authorizes this and that can be read as saying that if later provisions of the regulations are ambiguous as to whether they'll have an exception to that or not, then the claimant loses. Judge Kaplan addressed that too, Judge Steichen. What she said was that that provision is a reference to .20B, which is that when a state law deals with transfer of ownership by virtue of a proceeding, then you will be able to trigger that transfer of ownership right in your satisfying .15. I'm more interested right now in what you're arguing rather than what Judge Kaplan said. But is your view that 315.15 doesn't apply here? Correct. And that's because what? Because .20B does apply here. We have a situation where the state went to court. No, no, no, but that's not, that doesn't tell me that 315.15 doesn't apply. What you're saying is the specific provision that's required by 315.15 is in 315.20B. That's the argument, right? Yes, the argument is that 315.15 does not create an immutable ownership right in the original bondholder. The regulations for the bondholder. But it does seem to require a specific provision that creates an exception to that. And the exception to it is in 315.20B, Your Honor, and A and C. But suppose we were to find that 315.20B is ambiguous. Doesn't then 315.15 tell us that that doesn't qualify? No. No? Why not? No, because the 315.20B is a general provision and we know from the other surrounding regulations that 315.15 doesn't make an immutable right to ownership in the original bondholder. Because Treasury has recognized state transfer rights in a number of different circumstances and the only question is whether the general rule that says if you are going to seek to approve a valid judicial proceeding. And so that question has been resolved by Treasury. And to further answer your question, Judge Hughes, about the list, that scenario happened. The state of Florida had a list of serial numbers. It sent the bonds back to Treasury. And then when this litigation rose, it called up Treasury. What do you mean it sent the bonds back? It got the, it had the bonds and it sent them back, but it kept the serial numbers. And when it then, when it became aware of this litigation, it wrote to Treasury and it said, you know, we sent you back the bonds, but we don't possess them anymore. Yeah, but that's not really my hypothetical. In that case, in my hypothetical, the state actually never comes into physical possession of a bond. In that case, they had them, they just sent them back. But the question. That's a different, that really is a different question. It does seem to me that to turn on this notion of the only time Treasury has ever given money over to states is when they had physical possession of a bond and could go through sufficient proceedings to conclude that it was lost by the original owner. I think, Judge Hughes, that you would take their, let's look at the word, question about possession. Okay. There's a plain language answer to that one too, which is 315.20C. The only place where possession of the bond is mentioned is there. And that's where Congress will not recognize notice, or sorry, the Treasury will not recognize notice of a proceeding or notice of a claim unless the person has the bond in possession. It doesn't say that in B, for the valid judicial proceedings, and we know why. Because when bonds are mutilated or they're lost or they're in the hands of someone else, a contentious divorce, for instance, where the husband says, I'm not going to give it up, even if the state court says give it to the wife, the bonds are permitted to have a redemption proceeding. And that's why we know that the mere possession of this has never been enough. And Treasury's guidance throughout the years has been possession is not enough. All you have is a piece of paper, or in Ms. Klein's example, a photocopy of a piece of paper. And possession has never been enough unless you also have title ownership. And that's why the Secretary of the Treasury in 1952 said, if the states want to do this, they're going to have to change their escheat regimes to have title escheat. Because the true interest that Treasury has, not double payment. But why should we believe that as requiring both title receipt and possession? Because the regulations don't say that. But there is nowhere... Your position gives the states more rights than the actual bondholder. Because in your scenario, you don't have to have possession, whereas if a person more than six years doesn't have possession, has lost it, can't find it anymore, they can't get it without the serial numbers. And Your Honor, I think let's... Neither. You don't have the serial numbers and you don't have possession. And for all practical purposes, the original bondholders are probably all dead anyway. Oh, okay. But how can... I think this raises the question of the government's alternative argument that if you step into the shoes of the bondholder, you can't have any greater rights than the bondholder. How is it that you have the right to redeem these bonds without the serial numbers? There are two different routes to that, Judge Dike. One is through the subpart that concerns the valid judicial proceedings, which provides in certain circumstances for Treasury simply to do what is necessary to determine the value of the extant bond. So in the event of a judgment creditor or in the event of a divorce where the bond has been lost or mutilated or whatnot, Treasury then pays out a redeemed amount of money. Judge Kaplan in the court... Wait, wait. I'm not... I'm sorry. I'm not following this at all. Let's assume that the SG proceedings are valid, that you step into the shoes of the bondholder but you do not have the serial numbers. How is it that you can claim the right to redeem the bonds under the regulation, under those circumstances? In the regulations that I'm talking about, there are two different sets of regulations, so let's be clear. I'm talking about those that are in the subparts .20 through .25 part of the... Those say that you do not necessarily have to know the serial number or have possession of the bond, but if you have other identifying information that would enable Treasury to determine the value of the bond, they will pay on those redemptions. Judge Kaplan said because of this preemption issue, she's not going to decide... Is that within the six-year period? No. Those are not... So you believe that even after the six-year period that an individual can redeem a bond without the serial number? If there is appropriate identifying information, yes. And Treasury... Which regulation are we talking about here? Well, it depends on an individual who had lost the bond. If other identifying information could be ascertained, I don't... Well, just show us the language here. What language in the regulation says that an individual can redeem after the six-year period without a serial number? The... I would say that the .22, which talks about a certified copy of a judgment or decree determining the extent of the interest, it will be a reissue. But we're talking about an individual. That's what I'm talking about. This is not a decree. What decree? An individual has lost a bond and comes in and says, I'd like to redeem my bond. And the Treasury says, no, at least after six years, you can't do it without the serial number. Where does this say that that individual can get the proceeds without the serial number? The individual rules leading up to .25 is where there is a situation, Your Honor, of these kinds of proceedings. Are these regulations in the appendix somewhere? Yes, they are in the addendum. They are in the addendum. They're in the lien. They're exactly in the lien. Okay. So, Judge Steyer, I can answer your question, .29c says that the owner can ask Treasury to get the appropriate information. Now, it says that the owner has to supply the serial number. But the point... I think that... Wait a minute. That's the whole point. You can't supply the serial number. And, Judge Hughes, here's the question that we're faced with. You don't have any identifying information for any of these bonds, right? Correct. What we do... And if there was a person that had lost their bonds after six years and had no identifying information whatsoever, didn't know serial numbers, didn't know Social Security numbers, didn't know anything except they thought they might have a bond, is there a procedure for that individual person to go to Treasury and ask for the bond, and where is it in the regulation? We believe there is. And it's... Can you show me in the regulation? I can't show you on this. It's standing here right now, and I'll be happy to send a letter to the court. But what I would say... If the person can't do it, can you do it? The person... Let's just assume we read the regulations as prohibiting a person from redeeming a bond after six years without the serial number or some other kind of identifying information.  They're out of luck. Treasury gets to keep the money. If they can't do it, can you? We stand in the same shoes as the original owner, Judge Hughes. So is that a no then, that if they can't do it, you can't do it? We don't believe... Yes, I think that's correct. But I think that the point is what the Treasury representative, the 30B6 witness said is that the state would have the same rights as an original owner. And I think it would be unconscionable to think that Treasury, if confronted with the Kansas last known addresses or had other information that an heir had provided and bought a bond, the Treasury would do nothing. Because nothing in the statute allows Treasury to keep the money. And nothing in the regulations allows Treasury to keep the money. It says in 315.29, claims filed after six years, no claim filed after six years or more after final maturity of a savings bond will be entertained unless the claimant supplies the serial number of the bond. That may be unfair, but it seems to be pretty clear. Well, the question I think, Judge Dyck, is before you get to that, is there a process or a requirement imposed on Treasury to actually work with the original bond owner, who is in fact the person who loaned the money to Treasury in order to figure out, is there some identifying information that would enable Treasury to do this? And notably, they don't give practice. We didn't get to do discovery on how they actually implement this regulation. Judge Kaplan- Is the only regulation you have the waiver regulation? Yes. Basically insist and command the Treasury to waive all of these requirements and then force them to go get to work and start digging through their records? Well, what we have, what we proposed to Judge Kaplan was that there be a process by which the state would try to work with Treasury and there would be an exchange of information in a way that would enable the state to assist in identifying and using searchable means to go through these old records to determine if there are errors. Because the states actually have a political interest in- And would an individual bond owner who had lost his or her bond, and it's been more than six years after the bond matured, have the right through the waiver regulation to demand Treasury to waive all of its rules and help that bond owner find the serial number? We don't know. Treasury has not- But you're standing in the same shoes as that bond owner. So you're telling me, I think, that there's something special about you. We have, I would say what's special about us is we have the status as a sovereign of this country to go to Treasury and have the heft to be able to do this. I don't understand how that can give you greater rights than the bond owner. It doesn't give us greater rights. It gives us a greater interest in actually going to the fight with Treasury where they're trying to play a hide the pea in the shell game, frankly. Why is this a class action on behalf of the bond holders, not the states? Because what the Secretary in 1952 said is that the states can use their cheat laws if they get title to the bonds. And so all we've been doing for half a century, Judge Hughes, is to try to comply with the ever-changing requirements that Treasury has imposed. It doesn't seem that it's all that ever-changing. The one key factor is they've always required you to have possession of the physical bond. Well, no, actually, that is not correct. Because if you look at the 1952 guidance, if you look at the 1982 letter to the Massachusetts state, if you look at the 2006 letter to Florida, if you look at the Solicitor General's brief in the New Jersey case, possession is not mentioned. Have they ever allowed redemption by the state where it did not have physical possession or at least at one time had physical possession? I'm not aware of that. But the question is not whether or not there's any historical practice. The question is, has the state got a valid judicial proceeding that has rewarded title as cheat? I think the question is, what are you making out of this history and the various statements that you rely on in the Solicitor General's brief, in the Third Circuit case, in the Bulletin, and so on and so forth? Are you suggesting that those statements mean that we should give our deference to your interpretation of the regulation? What is the significance? Well, I think that the significance is that they are not entitled to our deference because of the inconsistency in their position, and that's how Judge Kaplan ruled it. And if you were to think- Can you rely on our deference? We don't rely on our deference because they've been inconsistent. And so we believe that our deference is completely inappropriate in this situation. I would note that the conundrum on the redemption issue, I would ask you not to resolve the case on that. We argued before Judge Kaplan that there can be a process to determine which of these regulations, whether or not they're lost, or have a process for identifying serial numbers and last known addresses. That process should play out if this Court were to agree with us that the general valid- I just don't understand why, if we're going to force that process on the government with all the costs it entails, why we wouldn't force it on them to at least first identify the actual bondholders? Because if you were to do that, Judge, you would be then saying that instead of loaning money to the United States, these people were making a gift to the United States if they lost their bond or lost track of it. And there's nothing in the statute that does that. Well, if that's the regulations that were in place, that if beyond six years you've lost it and don't have the serial numbers, then they bought them with that framework in place. There's all kinds of things that you get. And if you don't redeem it in time or the like, you don't get your money back. Your Honor, on page 45 of our brief, we point out all the statutes where Congress had put an express federal abandonment provision. And this isn't one of them, including the trust funds provision that we cited at the top of page 45. I think that the assumption, the background assumption, when Congress... Well, this is different from that in the sense that here there's no cutoff. The government is saying if you discover the bond itself or the serial number for the bond itself 30 years later, you can come in. There's no statute of limitations on that. The regulation says you can redeem at any time. Well, actually, the regulation does not say that. They don't cite a specific rule as to that. Your Honor, and I apologize that I'm late in time to do this, but on addendum page 28, there's a rule governing availability. Addendum to our brief. It's 323.2 that provides providing information and the rules governing the availability of indicates that the owner can request obtaining... 315.23? Yes, 323.2. It's in addendum page 28. I'm sorry, 315.23? 323.2. What page of your appendix? Addendum page 28. 323.2, okay, yeah. And it says there are limitations, but it says that information will ordinarily be disclosed only to the owners of such securities. The point here is that if the state is the owner by virtue of the valid judicial proceeding awarding title as chief, we stand in the shoes of the owner and we can request information from Treasury in order to get the identifying information and the serial numbers. I think if you were to not do that, you're essentially saying to Treasury that they get to keep all of the money where they have no record and they pull down the Treasury hunt website so there's no practical way for people actually to easily identify whether or not they have an ancestor who had bought one of these bonds. And you have... But this provision doesn't give you a right to ask the Treasury to give you the serial numbers of the bonds, right? Well, it says that information will ordinarily be disclosed only to the owners of such securities, their executors, administrators. Right. But it doesn't say that the owner of the securities can come to the Treasury and say, please spend a lot of money searching your records to give me the serial numbers of my bonds. Well, Judge, Judge Dyke... No, no, but does it say that? What it does say is that if I'm an owner of a bond, I have a right to go to Treasury and say, I don't have the identifying information, I lost my bond, but here's, here are identifying pieces of information that would allow for some search. I think Judge Dyke just said... But what, again, what regulation allows them to do that and what kinds of identifying information? Typically, it would be name, last note address, because... We don't have any of that. We know to a certainty, Judge Hughes, that there were people in Kansas with last notes address in Kansas who had bought these bonds and they are now lost and they were subject to the escheat judgment. We don't know... But you don't have any identifying information at all. You have this vast hypothetical universe and you're saying Treasury go look for us. I mean, if we apply that to bondholders, it would be a general notion to everybody that in the United States or elsewhere, we may have a bond. Give us your name and we'll go look for it. And it can't be what that provision means. Judge Hughes, I would ask you to separate the question of process because we haven't gone through that part of the litigation yet. And I would submit that the state, because there is an indemnification provision, will indemnify Treasury and engage in a process to use computerized search techniques in which the states are willing to contribute to the costs. We haven't even gotten to that question. And so all of these very difficult questions about redemption and which rules apply are premature because Judge Kaplan did not think it was appropriate at that stage of the litigation to answer that question. And I appreciate that these are tricky. I appreciate that these are tricky. But the question fundamentally comes back to, is the title escheat a valid judicial proceeding? And we submit that it is. Okay. Thank you. We're out of time. Ms. Kline, you have a couple of minutes there. Could you address first the 323.2b? That's the FOIA regulation that Judge Kaplan explicitly disavowed reliance on in the order certifying for interlocutory appeal. That's not part of the bond contract. It's a limitation on the general disclosures under FOIA. And she properly recognized that if Kansas had wanted to seek review of the denial of their FOIA claim, they would have had to go to the district court in D.C. The reason, presumably they didn't, is that it's well established in the D.C. circuit that FOIA doesn't require an agency to reorganize its records and Treasury doesn't maintain records based on the state of the address of the bond owner. On the actual bond regulations, they are asserting rights that no bond owner would have. This is the plain language of 315.29, the adjudication of a claim for lost bonds. No claim filed six years or more after the final maturity of a savings bond will be entertained unless the claimant supplies the serial number of the bond. And that's because Treasury doesn't index its records in a way that will allow it to find these bonds without the serial number. There is no need for discovery, further proceedings to apply the plain language of the regulations that govern all bond owners. We moved for summary judgment on this ground. The court denied our motion. It's before this court. And the point of this interlocutory appeal is to avoid the enormous expenditure of resources that Judge Kaplan recognized would be entailed even to figure out which bonds the plaintiffs are asking to redeem. Has there ever been any litigation between Treasury and individual bondholders trying to force the Treasury to search for the serial numbers of lost bonds? Not as far as I know. And again, just one last point. The bonds that are actually at issue here, there's no reason to think they're lost. There's no reason to think the owners lost them. Treasury just wants to be allowed to redeem them when the owners come to Treasury. Can I ask you about 31520B again, valid judicial proceedings? The other side refers us to 31520A, and because of what's discussed in 31520A, that should inform us that what is enumerated in the regulations that follow 31520B shouldn't constrain the scope of what a valid judicial proceeding is. To answer, I'd like to go to the regulation that Judge Dyke was quoting, which is the background rule, 31515, savings bonds are not transferable and are payable only to the owners named on the bonds, except as specifically provided in these regulations, and then only in the manner and to the extent so provided. So then you go to 31520B, it says nothing about a sheet. It has specified proceedings, divorce, bankruptcy, judgment creditor, and gifts in anticipation of death. And that's it. This is what Treasury explained in its regulations. But then if you keep going down to the provision that 31520B cross-references, which is 31523, it makes clear. The argument is about 31520A and how 31520A is talking about other types of actions. So those are not actions. Those are even within, for example, bankruptcy, Treasury will not recognize a judicial determination that would allow a transfer inter vivos or impair the right of survivorship. That's not a category of judicial proceeding. The categories of judicial proceedings are what are specifically provided immediately after 31520B, and that is divorce, bankruptcy, judgment creditor, and gifts causa mortis. And then 31520A also says all provisions of this subpart are subject to these restrictions. Exactly. So 20A is announcing some restrictions that are in the context of these other. Yes. Even this, yes, Your Honor, even the specifically enumerated proceedings like bankruptcy, you cannot do those things that are set out as general restrictions in A. But then I just want to make sure I finish the point. Drop down to 31523. There's no doubt that this is just the first step before presentation of the bond. So 31523 talks about if the judgment or decree is more, was entered more than six months prior to presentation of the bond, then you need to get an updated decree. So this is then only leading you to the redemption regulations that all bond owners have to follow, which means either surrender the bond, which is in the mine run of cases, what happens, or in the rare circumstance where the rightful owner has evidence that she in fact lost her bond and can supply the serial number if the bond matured more than six years ago, then there's another way to get redemption. But only if the plain terms of those redemption regulations are met. Okay. Thank you. Thank you. Thank both parties. The case is submitted. That concludes our session.